IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) JOHN E. QUIGLEY;                        )
(2) FRANCES QUIGLEY,                        )
on behalf of the ConocoPhillips             )
Savings Plan and a class of similarly       )
situated participants of the Plan,          )
                                            )
                Plaintiffs,                 )
  v.                                        )
                                            )          Case No. CIV-23-62-SLP
(1) CONOCOPHILLIPS COMPANY;                 )
(2) THE CONOCOPHILLIPS                       )
COMPANY BENEFITS COMMITTEE;                 )
and                                         )
(3) JOHN/JANE DOES 1-5,                     )
                                            )
                Defendants.

**DEFENDANTS CONOCOPHILLIPS COMPANY AND
CONOCOPHILLIPS COMPANY BENEFITS COMMITTEE'S
MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

I.     Introduction ......................................................................................................... 1

II.    Background.......................................................................................................... 2

       A.     ConocoPhillips offers the Plan for the benefit of its employees. ................. 2

       B.     Phillips 66 was spun off from ConocoPhillips,
              creating the Phillips 66 Funds within the Plan. ............................................. 3

       C.     The Plan's forum-selection clause mandates venue in
              Houston, Texas, where the Plan is administered and
              nearly all relevant contacts are centered. ....................................................... 4

       D.     Plaintiffs ignored the Plan's forum-selection clause and
              filed suit in the Western District of Oklahoma. ............................................. 5

III.   Argument and Authorities ................................................................................. 6

       A.     The Court should transfer this case to the United States
              District Court for the Southern District of Texas in
              accordance with the Plan's forum-selection clause. .................................... 7

              1.     The Plan's forum-selection clause applies to Plaintiffs' suit. ............ 7

              2.     The forum-selection clause is not limited to claims for benefits. ...... 9

              3.     Forum-selection clauses in ERISA plans are
                     valid and serve ERISA's goals......................................................... 11

              4.     No exceptional circumstances preclude enforcement
                     of the Plan's forum-selection clause here. ....................................... 14

       B.     Alternatively, the Court should transfer this case pursuant
              to § 1404(a) to serve the convenience of the parties
              and witnesses and promote the interest of justice. ..................................... 17

IV.    Conclusion........................................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

C ASES

*ABC Med. Holdings, Inc. v. Home Med. Supplies, Inc.*,
No. 15-2457, 2015 WL 5818521 (E.D. Pa. Oct. 6, 2015) ........................................ 16

*Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*,
428 F.3d 921 (10th Cir. 2005) ...................................................................................... 8

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013).................................................................... 6, 7, 14, 15, 16

*Becker v. Wells Fargo & Co.*,
2020 U.S. Dist. LEXIS 207330 (N.D. Cal. Sep. 21, 2020) ......................................... 12

*Bollinger Shipyards Lockport, L.L.C. v. Huntington Ingalls Inc.*,
No. 08-4578, 2015 WL 65298 (E.D. La. Jan. 5, 2015) .............................................. 16

*Brannon v. Express Scripts Holding Co.*,
No. 17-2497-DDC-TJJ, 2018 WL 263237 (D. Kan. Jan. 2, 2018)....................... 17, 18

*Case v. Generac Power Sys., Inc.*,
No. C21-752 RSM, 2021 WL 4033299 (W.D. Wash. Sept. 3, 2021) ......... 9, 10, 18, 21

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*,
618 F.3d 1153 (10th Cir. 2010) ................................................................................. 17

*Enter. Leasing Co. of Hous. v. Barrios*,
156 S.W.3d 547 (Tex. 2004)...................................................................................... 11

*Ha Thi Le v. Lease Fin. Grp., LLC*,
No. 16-14867, 2017 WL 2915488 (E.D. La. May 9, 2017) ....................................... 16

*In re Becker*,
993 F.3d 731 (9th Cir. 2021) ........................................................................... 7, 12, 13

*In re Dozier Fin., Inc.*,
587 B.R. 637 (Bankr. D.S.C. 2018) ........................................................................... 16

*In re Mathias*,
867 F.3d 727 (7th Cir. 2017) ............................................................................... 12, 13

*In re Ryze Claims Sols., LLC*,
    968 F.3d 701 (7th Cir. 2020) .................................................................. 15, 16

*Kelvion, Inc. v. PetroChina Canada Ltd.*,
    918 F.3d 1088 (10th Cir. 2019) .................................................................. 8

*Mendiola v. Home Depot U.S.A., Inc.*,
    No. 8:20-CV-1561-T-60SPF, 2020 WL 8614088 (M.D. Fla. Sept. 29, 2020)............. 8

*Mozingo v. Trend Pers. Servs.*,
    504 F. App'x 753 (10th Cir. 2012) .......................................................... 12

*Pedersen v. Kinder Morgan, Inc.*,
    No. 21-CV-10388, 2021 WL 5757189 (E.D. Mich. Nov. 1, 2021)............................ 8

*RSUI Indem. Co. v. Lynd Co.*,
    466 S.W.3d 113 (Tex. 2015)...................................................................... 11

*Schweitzer ex rel. Phillips 66 Sav. Plan v. Inv. Comm. of Phillips 66 Sav. Plan*,
    312 F. Supp. 3d 608 (S.D. Tex. 2018) ................................................ 1, 2, 20

*Smith v. Aegon Cos. Pension Plan*,
    769 F.3d 922 (6th Cir. 2014) .......................................................... 12, 13

## STATUTES

28 U.S.C. § 1404(a) ........................................... 1, 2, 6, 7, 14, 15, 16, 17, 21

29 U.S.C. § 1132(e)(2) .............................................................................. 12

## OTHER AUTHORITIES

Fed. R. Civ. P. 12.................................................................................... 1

Defendants ConocoPhillips Company ("ConocoPhillips") and the ConocoPhillips Company Benefits Committee ("Benefits Committee" and, together with ConocoPhillips, "Defendants")[1] move to transfer venue to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1404(a).

## I.    INTRODUCTION

Plaintiffs John E. Quigley and Frances Quigley ("Plaintiffs") bring this putative class action under the Employee Retirement Income Security Act ("ERISA") for alleged breaches of fiduciary duty and co-fiduciary liability.    (Complaint [Doc. No. 1].) Plaintiffs generally assert that Defendants improperly allowed participants in the ConocoPhillips Savings Plan (the "Plan") to retain Phillips 66 Company stock in their Plan accounts.  (*Id.*)  Plaintiffs seek to represent a class of Plan participants and beneficiaries whose Plan accounts included investments in two Phillips 66 stock funds from January 18, 2017, to the present.  (*Id.*)

Plaintiffs' reason for bringing the lawsuit in this Court is plain: the same Plaintiffs' lawyers lost the same type of claims in the Southern District of Texas, where this action really belongs.  *Schweitzer ex rel. Phillips 66 Sav. Plan v. Inv. Comm. of Phillips 66 Sav. Plan*, 312 F. Supp. 3d 608, 611 (S.D. Tex. 2018) (dismissing same type of claims brought by same lawyers).  The Fifth Circuit affirmed the dismissal, and the Supreme Court of the United States denied certiorari.  960 F.3d 190, 196–200 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 706 (2021).

---

[1] Defendants file this Motion to Transfer Venue without waiver of any argument that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12.

As in *Schweitzer*, Plaintiffs' copy-cat claims should be dismissed, but this Court need not reach the merits. The Plan includes a broad, unambiguous forum-selection clause mandating that this case be brought, if at all, in the federal courts in Harris County, Texas: "The venue for any actions related to the Plan shall be in the federal courts in Harris County, Texas." (Hunt Declaration ("Decl."), Ex. 1, Plan § 2.15(e).) Accordingly, this Court should enforce the Plan's forum-selection clause and transfer this case pursuant to § 1404(a) to the Southern District of Texas, Houston Division. Alternatively, the Court should transfer this case pursuant to § 1404(a) to serve the convenience of the parties and witnesses and promote the interest of justice because this putative class action's center of gravity is in Houston.

## II.    BACKGROUND

### A.    ConocoPhillips offers the Plan for the benefit of its employees.

ConocoPhillips is an exploration and production company headquartered in Houston, Texas. (Complaint [Doc. No. 1] ¶ 20.) ConocoPhillips established the Plan, which is an employee benefit plan within the meaning of ERISA §§ 3(3) and 3(2)(A), 29 U.S.C. §§ 1002(3) and 1002(2)(A), to provide retirement benefits to eligible employees. (*Id*. ¶ 21; Decl. ¶ 3.) The Plan is a "defined contribution" or "individual account plan," in which each participant maintains an individual account and exercises control over the assets held in those accounts and how they are invested. (Complaint [Doc. No. 1] ¶ 22.) Participants may contribute a portion of their compensation to their accounts, and ConocoPhillips may make employer contributions to the participants' accounts. (*Id*.)

Participants decide how to invest their respective accounts by selecting from an array of investment options.  (*Id.*)

**B.    Phillips 66 was spun off from ConocoPhillips, creating the Phillips 66 Funds within the Plan.**

On April 30, 2012, ConocoPhillips spun off its downstream refining, marketing, and transportation businesses into a separate company, Phillips 66.  (*Id.* ¶ 23.)  As a result of the spinoff, Phillips 66 became an independent, public company headquartered in Houston, Texas.  (*Id.*)

To effectuate the spinoff, there was a stock split, whereby each ConocoPhillips stockholder received one share of Phillips 66 stock for every two shares of ConocoPhillips stock held.  (*Id.* ¶ 25.)  Therefore, participants who held ConocoPhillips shares gained a number of Phillips 66 shares equal to 50% of the number of ConocoPhillips shares they owned.  (*Id.*)

Under the Plan, these new Phillips 66 shares were held in the Phillips 66 Stock Fund and Phillips 66 Leveraged Stock Fund (together, the "Phillips 66 Funds").  (*Id.*)  The Plan specifically required that the Phillips 66 Funds "be maintained at all times under the Plan" and "may not be revised or terminated," and that "any action by the Committee to remove or modify the Stock Funds would be in direct conflict with, and frustrate, the expressed intent of the Company that such funds be offered under the Plan as provided by the Company."  (Decl., Ex. 1, Plan § 9.1(b).)  The Plan further designated the Phillips 66 Funds as "frozen"—meaning that Plan participants could sell their investments in the Phillips 66 Funds at their discretion at any time but could not make new investments in

the Phillips 66 Funds or re-invest in the Phillips 66 Funds any amounts transferred out of the Phillips 66 Funds. (*Id.*; *see also* Decl., Ex. 2, 2021 Form 5500 at 29 ("Plan assets are invested in a variety of investment funds; however, the ConocoPhillips Leveraged Stock Fund, Phillips 66 Leveraged Stock Fund, and Phillips 66 Stock Fund are closed to new investment elections. Investments in the Plan are participant-directed.").)

**C.    The Plan's forum-selection clause mandates venue in Houston, Texas, where the Plan is administered and nearly all relevant contacts are centered.**

The Plan includes a forum-selection clause providing that: "The venue for any actions related to the Plan shall be in the federal courts in Harris County, Texas."[2] (Decl., Ex. 1, Plan § 2.15(e).) The Plan also states that it "shall be construed, regulated and administered under the laws of the State of Texas, subject, however, to such determinations under the Plan as may be governed by ERISA and related provisions of the Code." (*Id.* § 12.2.) The Plan also provides for service of process for the Plan and Benefits Committee in Houston, Texas. (*Id.* § 2.3.) These provisions have been part of the Plan since the start of the alleged class period proposed by Plaintiffs from January 18, 2017 to the present. (Decl. ¶¶ 13–15.)

These provisions reflect the reality that the Plan's center of gravity is in Houston, Texas. ConocoPhillips is the sponsor of the Plan under ERISA, and its corporate headquarters has been in Houston during the entire putative class period. (*Id.* ¶ 4.) The Benefits Committee, which is the governing body for the Plan, maintains its sole address in Houston. (*Id.* ¶ 7.) Of the fourteen ConocoPhillips employees who have served on the

---

[2] Harris County, Texas, encompasses Houston.

Benefits Committee during the putative class period, nine work, or last worked before leaving ConocoPhillips, in Texas.  (*Id.* ¶ 8.)  The Benefits Committee members are appointed by the Board of Directors of ConocoPhillips, and the Board of Directors of ConocoPhillips is based at ConocoPhillips' corporate headquarters in Houston.  (*Id.*)  The Benefits Committee's Secretary and Assistant Secretary have worked in the Houston office during the entire alleged class period.  (*Id.*)

Benefits Committee meetings took place in Houston from 2017 until February 2020 and, following the outbreak of COVID-19, occurred virtually thereafter.  (*Id.* ¶ 9.) There have been no in-person Benefits Committee meetings anywhere other than Houston.  (*Id.*)  The Benefits Committee's hard-copy records are maintained at ConocoPhillips' corporate headquarters in Houston.  (*Id.* ¶ 10.)  Furthermore, the ConocoPhillips Savings Plan Claims Administrator ("Claims Administrator"), which is the administrator responsible for deciding initial appeals of a benefit claim denial, maintains its sole address in Houston.  (*Id.* ¶ 11.)

During the putative Class Period and as of December 31, 2022, the majority of Plan participants resided in Texas.  (*Id.* ¶ 12.)

**D.    Plaintiffs ignored the Plan's forum-selection clause and filed suit in the Western District of Oklahoma.**

On January 18, 2023, Plaintiffs filed this lawsuit against Defendants disputing the retention of the Phillips 66 Funds in the Plan.  Despite having worked for ConocoPhillips *in Texas* for the duration of their careers, and in direct contravention of the Plan's forum-

selection clause, Plaintiffs filed this case in this District rather than the Southern District of Texas, Houston Division.

Indeed, both Plaintiffs John and Frances Quigley worked for ConocoPhillips at its Borger, Texas facility until 2007, when they left the company.  (Decl. ¶ 17.)  They were not at ConocoPhillips when it spun off Phillips 66 in 2012, nor have they worked at ConocoPhillips for the last fifteen years.  (*Id.*)  On or about November 30, 2022, less than two months before filing suit, John Quigley changed his address with the Plan from an address in Borger, Texas, to an address in El Reno, Oklahoma.  (*Id.* ¶ 19.)   John and Frances Quigley participated in the Plan, but Frances Quigley withdrew all her investments from the Plan in 2008, and John Quigley withdrew all his investments from the Plan in 2020.  (*Id.* ¶ 18.)

## III.    ARGUMENT AND AUTHORITIES

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" on one or both of two grounds: "[f]or the convenience of parties and witnesses, in the interest of justice … or to any district or division to which all parties have consented."  As for the second ground, the parties' consent, because a valid forum-selection clause reflects the parties' agreement to litigate in the specified forum, a forum-selection clause "may be enforced through a motion to transfer under § 1404(a)."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). Here, the Court should transfer this case to the United States District Court for the Southern District of Texas based on one or both of

these grounds—the Plan's forum-selection clause or, alternatively, for the convenience of parties and witnesses, in the interest of justice.

**A.    The Court should transfer this case to the United States District Court for the Southern District of Texas in accordance with the Plan's forum-selection clause.**

A "proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59–60 (internal quotation marks omitted); *see also id.* at 62 ("Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied" when a forum-selection clause applies). Here, the Court should enforce the Plan's forum-selection clause and transfer this case to the Southern District of Texas because the provision clearly applies to Plaintiffs' claims and no exceptional circumstances preclude its enforcement.

**1.    The Plan's forum-selection clause applies to Plaintiffs' suit.**

The Plan's forum-selection clause is valid and enforceable and unequivocally requires that this case be brought, if at all, in the United States District Court for the Southern District of Texas. *E.g.*, *In re Becker*, 993 F.3d 731, 733 (9th Cir. 2021) (putative class representative's "Plan contained a forum selection clause. The district court properly enforced that clause.").

Specifically, the Plan broadly provides that "[t]he venue for any actions related to the Plan shall be in the federal courts in Harris County, Texas." (Decl., Ex. 1, Plan § 2.15(e).) The clause applies to "any" actions "related to the Plan," and thus applies to Plaintiffs' claims, which assert that Plan fiduciaries are liable to a putative class of Plan

participants and beneficiaries for alleged breaches of fiduciary duty in the administration of the Plan. (*E.g.*, Complaint [Doc. No. 1] ¶¶ 77–98.)[3]  The suit is undoubtedly "related to the Plan" because the claims at issue arise from the existence of the Plan and turn on the administration of the Plan. *See, e.g.*, *Mendiola v. Home Depot U.S.A., Inc.*, No. 8:20-CV-1561-T-60SPF, 2020 WL 8614088, at *2 (M.D. Fla. Sept. 29, 2020) ("[I]t can be easily reasoned that the claims Plaintiff brings arise out of or relate to the Plan and are therefore subject to the Plan's forum selection clause"); *see also Related*, Black's Law Dictionary (11th ed. 2019) ("Connected in some way; having relationship to or with something else").

Further, the forum-selection clause's use of the term "shall" makes enforcement of the clause mandatory. *E.g.*, *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 & n.4 (10th Cir. 2005) ("[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory"); *Pedersen v. Kinder Morgan, Inc.*, No. 21-CV-10388, 2021 WL 5757189, at *3 (E.D. Mich. Nov. 1, 2021) ("[T]he use of the term 'shall' in the forum selection clause here renders the requirement of the Houston, Texas venue an unambiguous and mandatory requirement").

---

[3] "The scope of a forum-selection clause is evaluated according to ordinary principles of contractual interpretation." *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1092 (10th Cir. 2019).  Additionally, in the Tenth Circuit, "forum-selection clauses are also construed according to the governing law selected in the contract." *Id.* at 1092 n.2.

Accordingly, the plain language of the Plan's forum-selection clause requires that this case be transferred to the United States District Court for the Southern District of Texas.

### 2.    The forum-selection clause is not limited to claims for benefits.

The plain language of the Plan's forum-selection clause applies broadly to any action related to the Plan.  To the extent Plaintiffs argue that the clause applies only to claims for benefits, the mere fact that the forum-selection clause is preceded by language related to denial-of-benefits claims does not alter the clause's broad effect.  (Decl., Ex. 1, Plan § 2.15(e).)  The actual mandatory venue sentence is not itself in any way limited to just claims for benefits.

The recent holding in *Case v. Generac Power Systems, Inc.*, No. C21-752 RSM, 2021 WL 4033299 (W.D. Wash. Sept. 3, 2021) is on point.  In *Generac*, the court granted a motion to transfer venue in a putative ERISA class action alleging breach of fiduciary duty where the forum-selection clause was similarly preceded by language related to denial-of-benefits claims:

**14.4 Legal Actions**

The Participant may not bring legal action to receive benefits under the Plan until the following criteria are satisfied:

(a) The Participant submits an application for benefits to the Plan Administrator under the terms of the Plan;

(b) The Plan Administrator provides the Participant with a written notice denying the claim, in whole or in part;

(c) The Participant exhausts the appeal procedure in Section 14.3; and

(d) The Participant exhausts all other appeals and remedies available under the Plan.

No legal action may be brought more than one year after the Participant has exhausted the Participant's appeal rights under the Plan.  Further, any legal action brought against the Plan, or against the Plan Administrator or Plan Sponsor in connection with the Plan, must be brought in the Federal District Court for the Eastern District of Wisconsin.

*Id.* at *1, *3–4.  "The Court agree[d] with Defendants that the forum selection clause, though preceded by language related to denial of benefits claims, applies to 'any legal action brought against the Plan, or against the Plan Administrator or Plan Sponsor in connection with the Plan.'"  *Id.* at *3.  "The Court [was] not persuaded by Plaintiff's arguments that the forum selection clause does not apply to legal actions alleging breach of fiduciary duties" and held that "the operative language of the Plan's forum selection clause, applying to 'any legal action brought . . . in connection with the Plan,' is drafted more broadly than the first clause's more restrictive application to 'legal action to receive benefits.'"  *Id.*

As in *Generac*, the operative language of the Plan's forum-selection clause here is drafted broadly, encompassing "any actions related to the Plan," and similarly applies to breach of fiduciary duty claims.  Simply put, nothing in the Plan's forum-selection clause limits its application to claims for benefits or otherwise precludes its application to the claims asserted in this case.  Defendants have not located a single decision where a district court denied a motion to transfer venue premised on such a clear mandatory forum-selection clause because the clause was held to encompass only claims for benefits due to its placement in the plan.

10

Furthermore, the Plan provides that it "shall be construed, regulated and administered under the laws of the State of Texas," Decl., Ex. 1, Plan § 12.2, and Texas law likewise instructs that the operative language controls: "Although . . . in certain cases, courts may consider the title of a contract provision or section to interpret a contract, the greater weight must be given to the operative contractual clauses of the agreement." *Enter. Leasing Co. of Hous. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004) (internal quotation marks omitted) (holding that lower court "misconstrued the clear language of the agreement" and "put undue weight on the title of the governing contract provision"); *RSUI Indem. Co. v. Lynd Co.*, 466 S.W.3d 113, 121 (Tex. 2015) (while courts may consider titles and headings, "titles and headings are not determinative, and when they are inconsistent with the plain meaning of the provision's operative language, we afford greater weight to the operative language").

Because Plaintiffs assert claims "related to the Plan," the forum-selection clause applies and mandates venue in the federal courts in Harris County, Texas.  The Court should therefore transfer this case to the Southern District of Texas, Houston Division.

### 3.    Forum-selection clauses in ERISA plans are valid and serve ERISA's goals.

Similarly, Plaintiffs cannot avoid application of the Plan's forum-selection clause because such clauses are valid and enforceable under ERISA.

While the Tenth Circuit has not addressed the issue,[4] "Courts are in near universal agreement: ERISA does not bar forum selection clauses." *Becker*, 993 F.3d at 733 (holding that district court properly transferred putative ERISA class action for breach of fiduciary duty pursuant to plan's forum-selection clause)[5]; *see also, e.g.*, *In re Mathias*, 867 F.3d 727, 728 (7th Cir. 2017) ("ERISA's venue provision does not invalidate a forum-selection clause contained in plan documents."). "Congress's use of permissive 'may'" in ERISA's venue provision "is instructive." *Becker*, 993 F.3d at 732–33. ERISA provides that an action "*may* be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2) (emphasis added). By using the word "may," Congress "chose to open three venues for suit, but not to require them." *Becker*, 993 F.3d at 732–33. A forum-selection clause is valid where the parties "simply picked one of those venues"—for instance, "where the Plan is administered." *Id.* at 733. Indeed, "even if the venue selection clause laid venue outside of the three options provided by § 1132, the venue selection clause would still control." *Smith v. Aegon Cos. Pension Plan*, 769 F.3d

---

[4] The Tenth Circuit expressly declined to reach the issue in *Mozingo v. Trend Personnel Services*, 504 F. App'x 753, 758 n.2 (10th Cir. 2012) (noting that the Secretary of Labor filed an amicus curiae brief arguing that forum selection clauses are incompatible with ERISA, but "[b]ecause the bonus agreement controls Plaintiffs' claims in this case, and because the bonus agreement is not an ERISA plan document, we do not reach this argument").

[5] The Ninth Circuit simply observed that the plaintiff "filed suit alleging ERISA violations," and the district court's opinion supplies a description of the plaintiff's claims: "Becker brought this putative class action" for, *inter alia*, "breach of fiduciary duties for failing to prudently and loyally select and monitor investments for the Plan." *Becker v. Wells Fargo & Co.*, 2020 U.S. Dist. LEXIS 207330, at *3–4 (N.D. Cal. Sep. 21, 2020).

922, 932 (6th Cir. 2014). "If Congress intended to bar" forum-selection clauses in ERISA plans, "it would have said so." *Becker*, 993 F.3d at 733; *Smith*, 769 F.3d at 933 (agreeing with reasoning of "majority of courts that have considered this question" that "if Congress had wanted to prevent private parties from waiving ERISA's venue provision, Congress could have specifically prohibited such action").

Furthermore, "the Supreme Court held long ago . . . that contractual forum-selection clauses are presumptively valid even in the absence of arm's-length bargaining." *In re Mathias*, 867 F.3d at 731; *Smith*, 769 F.3d at 930 (rejecting argument that venue selection "amendment was not the product of an arms-length transaction because the venue selection clause was added seven years after his benefits commenced"). After all, "[a]lthough ERISA plans are a special kind of contract . . . , an ERISA plan is nonetheless a contract." *In re Mathias*, 867 F.3d at 731. "The logic supporting enforcement of such" non-arms-length "clauses applies equally to the venue selection clause here." *Smith*, 769 F.3d at 930. "And given the discretion available to plan administrators," there is "no reason why this venue selection clause is invalid." *Id.*

Forum-selection clauses also further ERISA's goals: "By funneling all Plan oversight through one federal court, it 'encourages uniformity in the decisions interpreting that plan.'" *Becker*, 993 F.3d at 733 (quoting *Smith*, 769 F.3d at 931). "Uniformity, in turn, decreases costs and thus furthers ERISA's goal of providing low-cost plans." *Id.*; *see also Smith*, 769 F.3d at 932 ("The cost to employees of one plan's being subject to the varying pronouncements of federal district courts around the country

would also undermine ERISA's goal of providing a low-cost administration of employee benefit plans.").

Accordingly, forum-selection provisions in ERISA-governed plans, such as the one included in the Plan here, are valid, enforceable, and aligned with ERISA's overall goals.

### 4.    No exceptional circumstances preclude enforcement of the Plan's forum-selection clause here.

The plain language of the Plan mandates that this case be brought, if at all, in the United States District Court for the Southern District of Texas, and the Court should enforce the Plan's forum-selection clause by transferring this case pursuant to § 1404(a) because no exceptional circumstances exist to preclude such a transfer.

The ordinary § 1404(a) "calculus changes . . . when the parties' contract contains a valid forum-selection clause." *Atl. Marine*, 571 U.S. at 63. Whereas "in the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations," when a forum-selection clause applies, district courts must "adjust their usual § 1404(a) analysis in three ways." *Id.* at 62–63. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63. Second, the Court "should not consider arguments about the parties' private interests." *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less

14

convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.*

"The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Id.* at 63 (internal quotation marks omitted). "For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (internal quotation marks and brackets omitted).

Given the Plan's forum-selection clause, Plaintiffs' choice of forum is accordingly entitled to "no weight" and the Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 63–64. The public-interest factors likewise support transfer. *Infra* Part III.B (discussing public-interest factors, including difficulties that may arise from congested dockets and the advantage of having a local court determine questions of local law).

This case is not among "the most exceptional" where transfer may be avoided, and there is no reason to avoid giving effect to the Plan's forum-selection clause. *See In re*

*Ryze Claims Sols., LLC*, 968 F.3d 701 (7th Cir. 2020) (collecting cases denying transfer despite a valid forum-selection clause).  For instance, transfer of this case to Houston would not require severance of any of the claims asserted.  *See id.* at 711–12 (citing *Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488 (E.D. La. May 9, 2017) (where "the district court had to decide whether to sever and transfer some claims while retaining others")).  Similarly, transfer of this case would not create jurisdictional issues over any of the parties.  *See id.*  (citing *ABC Med. Holdings, Inc. v. Home Med. Supplies, Inc.*, No. 15-2457, 2015 WL 5818521, at *9 (E.D. Pa. Oct. 6, 2015) (where "the court did not have jurisdiction over one of the parties, and the court could not sever the claims")).  Nor would transfer of this case inefficiently duplicate discovery or court proceedings.  *See id.*  (citing *In re Dozier Fin., Inc.*, 587 B.R. 637, 650 (Bankr. D.S.C. 2018) (where "only one of the six defendants was bound by the clause and where splitting up the case would have resulted in 'substantially duplicative discovery and court proceedings'") and *Bollinger Shipyards Lockport, L.L.C. v. Huntington Ingalls Inc.*, No. 08-4578, 2015 WL 65298 (E.D. La. Jan. 5, 2015) (where "the defendant waited six years before moving to transfer venue")).

Simply put, the Plan's forum-selection clause should be given controlling weight pursuant to ordinary § 1404(a) practice because this case involves no special circumstances that might preclude its enforcement.  *See Atl. Marine*, 571 U.S. at 63.

**B.      Alternatively, the Court should transfer this case pursuant to § 1404(a) to serve the convenience of the parties and witnesses and promote the interest of justice.**

Even if the Plan did not contain a mandatory forum-selection clause specifying Houston, the Court should still exercise its discretion to transfer this case to the United States District Court for the Southern District of Texas pursuant to § 1404(a) based on consideration of the factors normally considered with such a motion.

"In considering a motion to transfer under § 1404(a), [the Tenth Circuit] weigh[s] the following discretionary factors:"

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal brackets omitted).  Here, these factors overwhelmingly favor transferring this dispute to Houston.[6]

***Plaintiff's choice of forum.***  In putative class actions for breach of fiduciary duty under ERISA, courts recognize that "when a plaintiff brings an action as a class representative, the weight normally given to his choice of forum is diminished." *Brannon v. Express Scripts Holding Co.*, No. 17-2497-DDC-TJJ, 2018 WL 263237, at *5

---

[6] Two factors are not implicated by Plaintiffs' claims: (a) the possibility of the existence of questions arising in the area of conflict of laws, and (b) questions as to the enforceability of a judgment if one is obtained.

17

(D. Kan. Jan. 2, 2018) (internal quotation marks omitted).  In *Brannon*, for instance, the court transferred a putative ERISA class action for breach of fiduciary duty, holding: "plaintiffs brought this lawsuit hoping to represent a nationwide class. The court thus gives little weight to their choice of forum." *Id.*

*Generac* also looked askance at a plaintiff's attempt to bring a class action away from the center of gravity of the dispute and putative class.  2021 WL 4033299, at *4. After the *Generac* court found that transfer was warranted under the plan's forum-selection clause, *see supra*, it further held that "[e]ven if transfer is not required under the terms of the forum selection clause, the Court would conclude that discretionary transfer is appropriate."  *Id.*   In so holding, the court found that "Plaintiff's reliance on his individual convenience would appear to weaken in this instance where Plaintiff seeks to represent a class, the vast majority of which resides in Wisconsin." *Id.*

Here, not only do Plaintiffs seek to represent a class, *e.g.*, Complaint [Doc. No. 1] ¶ 70, but the majority of Plan participants resided in Texas during the putative class period and as of December 31, 2022, Decl. ¶ 12, and Plaintiffs themselves spent their careers working for the Company in Texas, only changing their address to Oklahoma shortly before filing suit, Decl. ¶¶ 17, 19.  The Court should "thus give[] little weight to their choice of forum." *Brannon*, 2018 WL 263237, at *5.

***Accessibility of witnesses and other sources of proof.***   Witnesses and other sources of proof are far more accessible in Houston than any other forum.

ConocoPhillips, the sponsor of the Plan under ERISA, maintains its corporate headquarters in Houston.   (Decl. ¶ 4.)   The Benefits Committee, the designated

administrator for the Plan under ERISA, has maintained its sole address in Houston during the entire alleged class period.  (*Id.* ¶ 7.)

Of the fourteen ConocoPhillips employees who have served on the Benefits Committee during the putative class period, nine work, or last worked before leaving ConocoPhillips, in Texas.  (*Id.* ¶ 8.)  The Benefits Committee members are appointed by the Board of Directors of ConocoPhillips, and the Board of Directors of ConocoPhillips is based at ConocoPhillips' corporate headquarters in Houston.  (*Id.*)  The Benefits Committee's Secretary and Assistant Secretary have worked in the Houston office during the entire alleged class period.  (*Id.*)

Benefits Committee meetings took place in Houston from 2017 until February 2020 and, following the outbreak of COVID-19, occurred virtually thereafter.  (*Id.* ¶ 9.) There have been no in-person Benefits Committee meetings anywhere other than Houston.  (*Id.*)  The Benefits Committee's hard-copy records are maintained at ConocoPhillips' corporate headquarters in Houston.  (*Id.* ¶ 10.)  The Claims Administrator maintains its sole address in Houston.  (*Id.* ¶ 11.)

During the putative Class Period and as of December 31, 2022, the majority of Plan participants resided in Texas.  (*Id.* ¶ 12.)

***Difficulties that may arise from congested dockets.***  There are no apparent difficulties arising from congested dockets.  The latest judicial statistics show cases move at a comparable pace in the Southern District of Texas: Median time from filing to disposition in civil cases is 10.0 months in this District and 8.5 months in the Southern District of Texas, and median time from filing to trial in civil cases is 26.9 months in this

District and 31.4 months in the Southern District of Texas.  Administrative Office of the United States Courts, Federal Court Management Statistics (December 2022).

***The advantage of having a local court determine questions of local law.***  The Plan provides that it "shall be construed, regulated and administered under the laws of the State of Texas." (Decl., Ex. 1, Plan § 12.2.[7])  This case would be at home in Texas, with a Texas court resolving any interpretive questions that arise under Texas law and deciding a dispute arising from and concerning administration of a Texas-based company's benefit plan.

***Cost of making the necessary proof, relative advantages and obstacles to a fair trial, and all other considerations of a practical nature that make a trial easy, expeditious and economical.***  Given the locus of the dispute, witnesses, and evidence in Houston, logistical and administrative burdens and costs will be minimized by hearing the case in Houston.  There is no apparent reason why proceeding in the Western District of Oklahoma would be materially more economical for Plaintiffs, particularly given that Plaintiffs' counsel is based in Connecticut and Washington, D.C., with local counsel based in Tulsa.  Indeed, the case is only pending in this District in a transparent attempt at forum shopping to evade the Fifth Circuit's decision in a mirror-image suit.  *See Schweitzer*, 960 F.3d at 198–99.

* * *

---

[7] The Texas choice-of-law clause is "subject, however, to such determinations under the Plan as may be governed by ERISA and related provisions of the Code." (Decl., Ex. 1, Plan § 12.2.)

Applying these § 1404(a) factors, the Court should transfer this case to where Plaintiffs' claims should be heard: the Southern District of Texas, Houston Division. *E.g.*, *Generac*, 2021 WL 4033299, at *4 ("Beyond his individual convenience, however, Plaintiff does not establish that any aspect of the action otherwise relates to his residency in Washington . . . . This action should proceed in Wisconsin, not Washington.").

## IV.    CONCLUSION

For these reasons, Defendants respectfully request that the Court transfer this case to the Southern District of Texas, Houston Division, and grant them all other relief to which they are entitled.

Respectfully submitted,


/s/ Travis J. Sales
Terry D. Ragsdale, OBA No. 015333
Chris S. Thrutchley, OBA No. 015859
GABLEGOTWALS
110 North Elgin Ave., Suite 200
Tulsa, Oklahoma 74120
Telephone: (918) 595-4800
Facsimile: (918) 595-4943
tragsdale@gablelaw.com
cthrutchley@gablelaw.com

Leasa M. Stewart, OBA No. 018515
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
Telephone: (405) 235-5500
Facsimile: (405) 235-2875
lstewart@gablelaw.com

Travis J. Sales
Tina Q. Nguyen
Matthew G. Sheridan
Baker Botts L.L.P.
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
travis.sales@bakerbotts.com
tina.nguyen@bakerbotts.com
matthew.sheridan@bakerbotts.com

**Attorneys for Defendants ConocoPhillips
Company and ConocoPhillips Company
Benefits Committee**

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2023, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to these registered participants of the Electronic Case Filing System:

Douglas P. Needham          Gregory Y. Porter          James L. Colvin, III
Robert A. Izard             Mark G. Boyko
Christopher Michael Barrett

/s/ Travis J. Sales
Travis J. Sales